# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSE AGUILERA, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-95-TLS-PRC |
| ) | |
| FLUOR ENTERPRISES, INC. and ) | |
| TRS STAFFING SOLUTIONS, INC., ) | |
|    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion To Compel Defendants to Produce Contract Between Defendants [DE 40] and a Motion to Extend Fact Discovery [DE 43], both filed by Plaintiff Jose Aguilera on February 8, 2011. Defendants Fluor Enterprises, Inc. ("Fluor") and TRS Staffing Solutions, Inc. ("TRS") filed a response on February 23, 2011.[1] Plaintiff filed a Reply on March 2, 2011. For the reasons set forth below, the Court grants both of Plaintiff's motions.

## BACKGROUND

Plaintiff Jose Aguilera was employed by TRS, a temporary staffing service, from May 27, 2008, to April 10, 2009. TRS assigned Plaintiff to its client Fluor, where he worked as a Material Coordinator. Plaintiff's employment was terminated in April 2010. On February 24, 2010, Plaintiff filed the Complaint in the instant matter, alleging that Defendants had violated Title VII of the Civil Rights Act of 1964 and § 1981 by failing to promote him, showing preferential treatment to non-Hispanic employees, creating a hostile environment, and discharging him in retaliation for reporting discrimination. In his Complaint, Plaintiff seeks back pay and lost future wages. On May 14, 2010, the Court held a Rule 16(b) scheduling conference and set a discovery deadline of December 10,

---

[1] In his reply brief, Plaintiff contends that Defendants' Response was untimely and must be stricken, arguing that it was due on February 22, 2011 pursuant to Local Rule 7.1. However, under Rule 6(d) the Defendants had an additional 3 days since service of Plaintiff's Motion was made electronically. See Fed. Rule 5(b)(2)(E).

2010. On November 19, 2010, Plaintiff issued deposition notices for December 9 and 10, 2010, and filed a joint motion to extend the discovery deadline to February 10, 2011, which the Court granted. On December 2, 2010, Plaintiff served his Second Request for Production of Documents, including Request No. 1, which asked for any and all contracts in effect between Defendants during the time of Plaintiff's employment. Defendants objected to the request for the production of the contract on various grounds. However, TRS stated it would produce the service contract upon entry by the parties of a confidentiality agreement and/or the issuance of a protective order. Defendants later declined to agree to the protective order and declined to produce the contract. Defendants also offered to stipulate to joint employer liability in lieu of producing the contract.

## ANALYSIS

In the instant motions, Plaintiff asks the Court to compel Defendants "to produce any and all contract documents between Fluor and TRS that were in effect during the duration of Plaintiff's employment with Defendants" and, as a result, to extend the deadline for fact discovery for sixty days from the date on which the Court rules on the motion to compel.

### A. Motion to Compel Production of Contract

Defendants argue that Plaintiff's motion to compel should be denied because Plaintiff has not established the relevance of the service contract to his claims. They contend that it is within the Court's discretion to deny the motion to compel because Defendants' proposed stipulation to joint and several liability obviates the need for Plaintiff to inspect the contract. Plaintiff, on the other hand, argues that the contract between Defendants is relevant to the subject matter of his claims because it will provide insight into who had control over Plaintiff's employment and to what extent each Defendant controlled his employment. Plaintiff insists that the requested contract would shed light on the process by which Defendants determined which workers would be laid off.

2

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also McNally Tunneling Corp. v. City of Evanston, Illinois*, No. 00 C 6979, 2001 WL 1414437, *1 (N.D. Ill. Nov. 13, 2001). Relevancy is construed broadly "to encompass 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes*, No. 99 C 2737, 2001 WL 969037, *1 (N.D. Ill. Aug. 24, 2001) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Nevertheless, the Rules require a court to:

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (addressing discovery in an employment discrimination case). The Court may deny discovery to protect a party from oppression or undue burden. *See Adams v. Target*, No. IP00-1159-C-T/G, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) (citing *Sattar v. Motorola,*

*Inc.*, 138 F.3d 1164, 1171 (7th Cir.1998) (recognizing that "district courts have broad discretion in matters related to discovery"); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.")). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 496 (D. Kan. 2001)).

In his Complaint, Plaintiff alleges Title VII and § 1981 race discrimination in employment claims against the Defendants, including claims of disparate treatment in the conditions of his employment and a claim that his termination was not a workforce reduction but in retaliation for having complained about racially motivated ill-treatment at the Fluor site. It is conceivable that the contract between TRS, the employment agency that placed Plaintiff at the Fluor job site where the alleged discrimination took place, would delineate the procedures followed by the companies in responding to complaints made by workers. Furthermore, it is conceivable that the contract contains Defendants' policies on matters concerning work-force reductions and terminations. The contract appears to have information reasonably calculated to lead to the discovery of evidence admissible at trial on central issues relevant to Plaintiff's claims.

Further, the requested discovery does not fall within any of the three categories that render a motion to compel improper. The service agreement contract between the companies has not already been obtained through other available sources in discovery, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. In fact, it appears unlikely that the terms and conditions of employment, key issues in Plaintiff's case, could be determined

4

from any other source. Defendants are correct that Plaintiff has had ample opportunity to complete discovery. However, Defendants' argument is weakened by the fact that the specific request for the contract was made within the time period during which Plaintiff had an opportunity to complete discovery. Plaintiff could potentially have completed all discovery within that time had Defendants been compliant in producing the contract.

Further, Defendants' offer to stipulate to joint employer liability in lieu of producing the contract is nonresponsive as to other relevant purposes for which Plaintiff seeks the contract. A stipulation does not necessarily obviate the need for discovery nor warrant the Court's denial of a motion to compel, if the reason for seeking the discovery is not addressed by the stipulation. In order to defeat a request for production, the need for the information must be resolved by the proposed stipulation. *See, e.g.*, *Landry v. Atlantic Recording Corp.*, No. 04-2794, 2007 WL 1702619, at * (E.D. La. June 11, 2007) (ordering production of documents that were not the subject of the proposed stipulation and were relevant to the issue of liability).

In the case at hand, removing from discovery the question of identifying potentially liable parties through the Defendants' proposed stipulation to joint and several liability does not render moot Plaintiff's motion to compel production of the contract for other purposes for which it may be relevant. Defendants have not shown that these other relevant purposes for seeking the contract are resolved by the stipulation. Therefore, the Court Orders that Defendants produce the contract or other service agreements between Fluor and TRS concerning the staffing of workers that were in effect during Plaintiff's employment with either or both of the parties.[2]

---

[2] Although the original Request for Production No. 1 seeks "[a]ny and all contract documents between Fluor Enterprises, Inc. and TRS Staffing Solutions, Inc. that were in effect during the duration of Plaintiff's employment with Defendants, or either of them," Pl. Br., Exh. 1, in his memorandum in support of the motion to compel, Plaintiff clarifies that he seeks "all contracts or services agreements between Fluor and TRS concerning the staffing of workers in effect during Plaintiff's employment with either or both of the parties," Pl. B., p. 1.

## B. Motion for Extension of Time

Federal Rule of Civil Procedure 16(b)(4) allows a Court to modify a schedule "only for good cause." Fed. R. Civ. P. 16(b)(4); *Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3998194, at * 2 (N.D. Ind. Oct. 12, 2010) (citing *Smith v. Howe Military Sch.*, No. 3:96-CV-790, 1997 WL 662506, at * 1 (N.D. Ind. Oct. 20, 1997) ("Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause . . . .")). Good cause is measured by the movant's diligence in attempting to meet the scheduling order's deadlines. *See Smith*, 1997 WL 662506, at *1. To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id*.

Defendants argue that Plaintiff is not entitled to an extension of time to reschedule the depositions of Hudgens, Callahan, and Ambrose because Plaintiff lacks good cause and because Plaintiff failed to diligently pursue the depositions before the discovery deadline. The Court recognizes that Plaintiff waited five months to initiate any discovery in this case, scheduling depositions with less than 30 days remaining in the original discovery period. The Court also recognizes that, had he initiated discovery earlier, Plaintiff could have known well in advance of the deadline that the contract would be relevant to his claims. However, Defendants' failure to produce the Contract is sufficient cause for this Court to extend discovery for the limited purpose of deposing the three witnesses. Plaintiff's failure to timely depose the witnesses was preceded by diligent attempts to inspect the contract. Apparently, no dilatory tactics were used by Plaintiff. In fact, it appears that Plaintiff made repeated attempts to obtain the contract upon developing the belief that the subject matter of the contract would be relevant to the deposition of the witnesses. The Court also finds it reasonable for Plaintiff to conduct each of these three depositions in its entirety, with

the benefit of the contract, rather than bifurcating each of the depositions into two sessions–one before the close of discovery without the contract and then one after a ruling on the motion to compel with the contract–as proposed by Defendants. The Court, therefore, grants Plaintiff's Motion to Extend Fact Discovery for the limited purpose of conducting the remaining depositions of Hudgens, Callahan, and Ambrose.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion To Compel Defendants to Produce Contract Between Defendants [DE 40] and hereby **GRANTS** the Motion to Extend Fact Discovery [DE 43]. The Court **ORDERS** that Defendants shall have up to and including **March 31, 2011**, in which to respond to Plaintiff's Request for Production No. 1 by producing the contract or other service agreements between Fluor and TRS concerning the staffing of workers that were in effect during Plaintiff's employment with either or both of the parties. The Court further **ORDERS** that the discovery deadline is extended to **April 29, 2011**, for the limited purpose of Plaintiff deposing Hudgens, Callahan, and Ambrose.

SO ORDERED this 21st day of March, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record