# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

JOSE AGUILERA ,                   )
)
       Plaintiff,           )
)
       v.                     )     CAUSE NO.: 2:10-CV-95-TLS
)
FLUOR ENTERPRISES INC., and    )
TRS STAFFING SOLUTIONS INC.,    )
)
       Defendants.       )

## OPINION AND ORDER

This matter is before the Court on Defendant TRS's Rule 54(b) Motion for Entry of Final Judgment Against Plaintiff and in Favor of TRS [ECF No. 82]. Defendant TRS filed its Motion on August 17, 2012. The Plaintiff filed his Response [ECF No. 83] to Defendant TRS's Motion on August 31, 2012. Defendant TRS filed its Reply [ECF No. 84] on September 10, 2012. For the reasons stated below, the Court will deny Defendant TRS's Motion.

## PROCEDURAL HISTORY

On July 30, 2012, the Court entered an Opinion and Order [ECF No. 79] granting summary judgment in favor of Defendant TRS on all counts brought against it in the Plaintiff's Amended Complaint. On July 31, 2012, the Court entered an Opinion and Order [ECF No. 80] granting in part and denying in part Defendant Fluor's Motion for Summary Judgment. The Court found the Plaintiff had presented evidence creating a genuine issue of material fact on the Plaintiff's claim of retaliation against Defendant Fluor. (July 31 Op. & Order 22–26, ECF No. 80.) The Court granted summary judgment in favor of Defendant Fluor on the Plaintiff's remaining claims. Defendant TRS's Rule 54(b) Motion for Entry of Final Judgment followed on

August 17, 2012.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"'Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)).

A court must determine whether there is any just reason for delay of appeal with consideration of judicial administrative interests and the equities involved. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). The determination that there is no just reason for delay requires consideration of several factors:

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* at 8 (quotation marks and citation omitted); *see also Gen. Ins. Co. of Am v. Clark Mall Corp.*,

644 F.3d 375, 379 (7th Cir. 2011) (discussing Rule 54(b)). The Seventh Circuit has repeatedly "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie*, 408 F.3d 938–39. "If there is a great deal of factual or legal overlap between counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "[D]ifferent theories of relief or different legal characterizations of the same facts are not separate claims for Rule 54(b) purposes." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924.

## ANALYSIS

Defendant TRS argues that the Court completely disposed of all claims against Defendant TRS and that there is no just reason to delay entry of final judgment as to Defendant TRS. (Mot. for Entry of Final J. 2–3, ECF No. 82.) According to Defendant TRS, the outcome of the Plaintiff's sole remaining claim of retaliation against Defendant Fluor does not depend on the outcome of the Plaintiff's claims against Defendant TRS. (*Id.* 4.) Specifically, Defendant TRS cites the Court's July 30 Opinion and Order, in which the Court found that the Plaintiff failed to present any evidence of Defendant TRS's liability on the claim of retaliation. (*Id.*) Defendant TRS emphasizes that "even if Plaintiff appealed the Order while his claim proceeded against Fluor in this Court, and then later appealed any decision concerning his claim against Fluor, the Seventh Circuit Court of Appeals would never be faced with analyzing the merits of TRS's liability to Plaintiff piecemeal." (*Id.* 5.)

In his Response, the Plaintiff challenges Defendant TRS's arguments, stressing that "the same factual assertions are made against each Defendant." (Pl.'s Resp. 1, ECF No. 83.) In the Plaintiff's view:

> Most of the law and issues raised in Plaintiff's Complaint against TRS are the same as those raised in his Complaint against Fluor. The Court has granted summary judgment to TRS concerning Plaintiff's claims for discrimination, harassment and retaliation and to Fluor on Plaintiff's claims for discrimination and harassment but not retaliation. Thus, if the Court grant's [sic] TRS's motion herein, Plaintiff will have 30 days to file an appeal. Assuming Plaintiff does so, the court of appeals will then review the granting of summary judgment concerning discrimination, harassment and retaliation. Projecting forward, if Plaintiff should be unsuccessful at trial concerning his claim of retaliation against Fluor, he would then have the right to appeal that outcome as well as the partial grant of summary judgment. So, months or years later, the same factual and legal issues could be before the appellate court concerning Plaintiff's claims against Fluor.

(*Id.* 2–3.) Further, the Plaintiff contends that granting Defendant TRS's motion could lead to a long delay between any appeal of the grant of summary judgment in favor of Defendant TRS and a trial on the claim of retaliation on the part of Defendant Fluor. (*Id.* 3.)

In its Reply, Defendant TRS asserts that Seventh Circuit precedent supports a ruling of final judgment under Rule 54(b) because this case "'involves a wholly separate party from the adversaries in the ongoing litigation.'" (Reply 1, ECF No. 84 (quoting *EEOC v. Chi. Miniature Lamp Works*, 110 F.R.D. 120, 122 (N.D. Ill. 1986).) Continuing, Defendant TRS argues that the Plaintiff's claim that the Seventh Circuit could potentially be faced with deciding the same issues twice is false. (Reply 2.) Further, Defendant TRS challenges the Plaintiff's assertion that denying Defendant TRS's Motion would prevent the possibility of having a second trial concerning the claims against Defendant TRS. (*Id.* 3.)

This case involves multiple parties, and the Court's summary judgment Opinions fully

adjudicated all of the Plaintiff's claims against Defendant TRS. The Court therefore must determine whether there is significant factual or legal overlap between the Plaintiff's claims against Defendant TRS and Defendant Fluor. In his Amended Complaint, the Plaintiff raises claims against Defendant TRS and Defendant Fluor for a hostile work environment, racial discrimination, and retaliation. Having reviewed the record, the Court finds that there is significant factual overlap between the Plaintiff's claims against Defendant TRS and Defendant Fluor.

As noted by the Court in its July 30 Opinion and Order, in support of his claims, the Plaintiff has argued as though Defendant Fluor and Defendant TRS are effectively the same company. The facts underlying the Plaintiff's claims against Defendant Fluor and Defendant TRS are nearly identical. For the Plaintiff's claim of a hostile work place environment against both Defendants, the Plaintiff presented evidence concerning his treatment by Jim Ambrose, a warehouse supervisor employed by Defendant Fluor at the BP refinery construction project in Whiting, Indiana. The Plaintiff also presented additional evidence in an attempt to establish the liability of Defendant TRS for the alleged hostile work environment at Defendant Fluor.

The Plaintiff relies on the same evidence to support his claim of racial discrimination against Defendant Fluor and Defendant TRS. In arguing that Defendant TRS should be found liable for racial discrimination, the Plaintiff cites the following evidence: (1) racially offensive and derogatory language and actions on the part of Ambrose and other unknown individuals at the BP Whiting site where the Plaintiff was employed by Defendant Fluor; (2) Defendant Fluor's retention of similarly-situated, non-Hispanic employees despite Defendant Fluor's "project-wide personnel reduction"; (3) and the Plaintiff's replacement by a less experienced Caucasian

employee who assumed the Plaintiff's job responsibilities at Defendant Fluor. The Plaintiff relies on these same facts in his claim of racial discrimination against Defendant Fluor. The only non-overlapping evidence presented by the Plaintiff addresses Defendant TRS's liability for the racially discriminatory acts of Defendant Fluor's employees, which the Plaintiff alleges Defendant TRS did not investigate and did nothing to stop.

Finally, there is significant factual overlap between the retaliation claims brought against the Defendants. The Plaintiff's arguments against Defendant TRS rely upon the same facts underlying its claims against Defendant Fluor. The Plaintiff cites the following evidence in support of his retaliation claim against Defendant TRS: (1) Defendant Fluor notified the Plaintiff of his termination six days after he filed a formal written complaint alleging a hostile work environment and racial discrimination; (2) Defendant Fluor produced no documentary evidence to support its claim that it had decided to the fire the Plaintiff prior to his filing a written formal complaint; and (3) less qualified, non-Hispanic individuals employed by Defendant Fluor replaced the Plaintiff and assumed his job responsibilities. The Plaintiff presents these same facts as evidence supporting his claim of retaliation against Defendant Fluor.

For all three claims, the appellate court would be unable to evaluate the Plaintiff's claims against Defendant TRS without considering the same evidence presented by the Plaintiff in support of his claims against Defendant Fluor. That the Plaintiff presented additional evidence against Defendant TRS in an attempt to establish its liability for the actions of Defendant Fluor does not change the fact that the appellate court would have to examine the underlying actions of Defendant Fluor prior to its consideration of Defendant TRS's liability.

The Court is not unsympathetic to Defendant TRS's position. It is understandable that a

business would like to resolve its legal liabilities in a timely fashion and minimize its litigation costs. However, the Court is mindful of the Seventh Circuit's repeated admonition that "Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie*, 408 F.3d at 938–39. Under the circumstances presented by this case, certification will not serve the purpose underlying this Circuit's narrow interpretation of Rule 54(b), namely, "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988)); *see also Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984) ( "[I]f there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal."). The Court also considers that the norm in litigation is "one appeal per case." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Horn v. Transcon. Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals"). "[A] separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn*, 898 F.2d at 592. Finally, the Court notes that an erroneously entered partial judgment could prolong litigation because the Seventh Circuit could dismiss the appeal for lack of appellate jurisdiction. *See, e.g., Clark Mall Corp.*, 644 F.3d 375.

Having weighed the judicial administrative interests and the equities at hand, the Court concludes that Rule 54(b) certification is not warranted and DENIES Defendant TRS's Rule

54(b) Motion for Entry of Final Judgment [ECF No. 82].

SO ORDERED on September 24, 2012.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION